**MARCIA HURD**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 1478**
**Billings, MT 59103**
**2929 Third Ave. North, Suite 400**
**Billings, MT 59101**
**Phone: (406) 657-6101**
**FAX: (406) 657-6989**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**BUTTE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**WILLIAM JAMES GALLENARDO,**<br><br>**Defendant.** | **CR 07-04-BU-DWM**<br><br><br>**GOVERNMENT'S TRIAL BRIEF** |

Plaintiff, United States of America, by and through its counsel of record, Marcia Hurd, Assistant United States Attorney for the District of Montana, hereby files its Trial Brief.

## THE CHARGE

The defendant, WILLIAM JAMES GALLENARDO, is charged by Indictment with Sexual Exploitation of Children pursuant to 18 U.S.C. § 2251(a) and Possession of Child Pornography pursuant to 18 U.S.C. Section 2252A(a)(5)(B). He is also charged with a related forfeiture count.

The elements of the offense of Sexual Exploitation of Children as charged in Count I are:

>First, at the time, the victim (d/o/b –/–/88) was under the age of eighteen years;
>
>Second, the defendant employed, used, persuaded, induced, enticed or coerced a minor (d/o/b –/–/88) to take part in sexually explicit conduct for the purpose of producing any visual depiction of such conduct; and
>
>Third:
>
>>(a)  the defendant knew or had reason to know that such visual depiction would be mailed or transported across state lines or in foreign commerce; or
>>
>>(b)  the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce; or
>>
>>(c)  the visual depiction was mailed or actually transported across state lines or in foreign commerce.

The elements of the offense of Possession of Child Pornography as charged in Count II are:

>First, that defendant knowingly possessed computer disks or any other material which defendant knew contained visual depictions of minors engaged in sexually explicit conduct;

Second, defendant knew the visual depictions contained in the computer disks or any other material contained minors engaged in sexually explicit conduct;

Third, defendant knew that production of such visual depictions involved use of minor in sexually explicit conduct; and

Fourth, that each visual depiction had been either

(a) mailed or shipped or transported in interstate or foreign commerce by any means, including by computer, or

(b) produced using material that had been mailed or shipped or transported in interstate or foreign commerce by any means, including by computer.

In order for property to be forfeited pursuant to Count III, the United States must prove that certain property or proceeds were used to facilitate the commission of the offenses in Counts I and II of the Indictment.

**ANTICIPATED FACTS**

The United States anticipates being able to prove the following facts at jury trial:

Linda Jollo and defendant Gallenardo were married in June 2002. Gallenardo reported to Linda that he served time in prison for sexually abusing a child but that he had changed. Gallenardo purchased a black Olympus camera that he used during their marriage. In 2005, Linda found 4 camera memory cards and a video tape that contained nude images of juvenile male L.; she also found separate images of another male, as well as a female. Linda hid the items, but Gallenardo was mad that she had found them. Linda gave two of the memory cards and the video back to Gallenardo and he burned them. Linda kept the two memory cards that contained the nude images

of L., a juvenile. Linda turned those cards over to law enforcement when allegations surfaced in 2006 that Gallenardo had sexually abused another male child.

L. was questioned and reported that Gallenardo had taken both digital pictures of him as well as videotape; the events took place during 2003 - 2005 at Belgrade and various other locations the two were together. L. reported that he complied with Gallenardo's requests because he did not want Gallenardo to do something to him. L. has some developmental delays as well.

The media cards and camera used by Gallenardo to photograph L. were produced using materials that traveled in interstate commerce. The images of L. were sexually explicit as defined in federal law and were taken while he was a minor under the age of 18. During the investigation, L. made a recorded telephone call to Gallenardo wherein Gallenardo told L. that the pictures were "burned" and told him what to say if contacted by law enforcement. Gallenardo told L. to keep with that story or Gallenardo would spend 25 years in prison; Gallenardo told L. that he burned the pictures in the burn barrel.

**Witnesses**

The United States anticipates calling any or all of the following witnesses:

1. Linda Jollo: Linda is the defendant's former spouse. She found the media cards containing the child pornography at issue in this case and will testify about finding that material, confronting the defendant, statements he made to her, and what she did with the material.

2. L., now age 18: L. is the victim in the case and will testify about his contact with Gallenardo and the photographs Gallenardo took of him, as well as the sexual

activity that occurred.  L. will also testify about a recorded phone conversation he had with Gallenardo about the images and what Gallenardo had done with them.

    3.  Jim Pease: Jim is the father of L. and will testify about L's functioning level and about the relationship between the family and Gallenardo.

    4. Detective Kristine Larson, Gallatin Count Sheriff's Office: Detective Larson was one of the primary case agents and will testify about her investigation of this entire matter including how the case began with allegations from another male child.

    6.  FBI Special Agent Kevin Damuth: SA Damuth is the other primary case agent and will testify about the investigation of this matter.

    7.  FBI Special Agent Jon Sorenson: SA Sorenson assisted in the investigation and may be called to testify about the investigation.

    8.  MDCI Agent Jimmy Weg: Agent Weg performed the analysis on the media in question and will testify about the results of the examination.

    9.  There may be additional witnesses needed depending upon possible stipulations.

**Exhibits:**

The United States anticipates introducing several exhibits, depending on possible stipulations.  Those will include the media cards in question, the Olympus camera, the recorded telephone conversation, and the images taken from the cards. There also may be additional exhibits and a full list will be provided in the court's trial notebooks.

## LEGAL ISSUES

1. Gallenardo was originally investigated by law enforcement due to sexual abuse allegations made by another young man. That evidence is inextricably intertwined with the current case, especially since the recorded phone call between L. and Gallenardo includes a discussion of that case. The United States only intends to make limited mention of that case.

3. Rule 412 precludes the admissibility of any evidence of other sexual behavior of the alleged victim, with limited exceptions not applicable here. In addition, if evidence was sought to be introduced by the defense on that issue, Rule 412(c) requires a written motion 14 days prior to trial with an accompanying hearing on the admissibility of the proffered evidence. No such motion has been filed and thus no evidence regarding the alleged victim's other sexual conduct is admissible.

## LENGTH OF TRIAL

The United States anticipates that the jury trial will last 2 days.

DATED this 4th day of June, 2007.

                WILLIAM W. MERCER
                United States Attorney


                /s/ Marcia Hurd
                MARCIA HURD
                Assistant U.S. Attorney
                Attorney for Plaintiff