MARCIA HURD
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 1478
Billings, MT 59103
2929 Third Ave. North, Suite 400
Billings, MT 59101
Phone: (406) 657-6101
FAX: (406) 657-6989


ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM JAMES GALLENARDO,<br><br>Defendant. | CR 07-04-BU-DWM<br><br><br><br>RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM |
|---|---|

　　　Comes now, Marcia Hurd, Assistant U.S. Attorney for the State and District of

Montana and hereby files the government's response to the Defendant's Trial Brief.

　　　<u>Paragraphs 25 and 70:</u> Gallenardo objects to the two point enhancement under

U.S.S.G. Section 2G2.1(b)(1)(B), based upon LP's age at the time of the offenses. The

United States submits that the evidence at trial made clear that the offenses occurred prior to LP's sixteenth birthday and thus the enhancement is proper.

<u>Paragraphs 68 and 80:</u> Gallenardo objects to the imposition of a fine, claiming that such a fine would simply shut the business down and lead to unemployment. It is within the Court's discretion to determine whether a fine should be imposed, given Gallenardo's assets.

<u>Paragraphs 4 and 69:</u> Gallenardo objects to the imposition of a life sentence pursuant to 18 U.S.C. Section 3559(e), arguing that the section is not applicable. He argues that his prior convictions do not count as prior sex offenses, claiming that they did not occur through the use of interstate or foreign commerce, the use of the mails, or any of the special qualify areas in the possession of the United States such as Indian Country. Gallenardo misinterprets what is required as a qualifying conviction.

First, there is no argument that Gallenardo's current conviction under Section 2251 is anything other than a "federal sex offense", in which a minor was the victim pursuant to 18 U.S.C. Section 3559(e)(1), (2)(A). Nor is there any argument that LP is a "minor" victim pursuant to 18 U.S.C. Section 3559(e)(2)(D). Gallenardo claims that his prior convictions for sexually abusing young male children do not count as "prior sex convictions" as "state sex offenses" pursuant to 18 U.S.C. Section 3559(e)(2)(B), (2)(C). That section defines "prior sex conviction" as a "conviction for which the sentence was imposed before the conduct occurred constituting the subsequent Federal sex offense, and which was for a Federal sex offense or a State sex offense". Gallenardo's convictions certainly were prior to his abuse of LP, but they must also be "state sex offenses." A state sex offense is defined as:

> an offense under State law that is punishable by more than one year in prison and consists of conduct that would be a Federal sex offense if, to the extent or in the manner specified in the applicable provision of this title –
> > (i) the offense involved interstate or foreign commerce, or the use of the mails; or
> > (ii) the conduct occurred in any commonwealth, territory, or possession of the United States, within the special maritime and territorial jurisdiction of the United States, in a Federal prison, on any land or building owned by, leased to, or otherwise used by or under the control of the Government of the United States, or in the Indian country (as defined in section 1151). . .

18 U.S.C. Section 3559(e)(2)(B).

Gallenardo reads this definition to mean that his prior offenses must have either involved interstate or foreign commerce or been in one of the federally protected lands. However, the section actually requires that the prior offense must consist of *conduct* that would be equivalent to those federal sex offenses set forth in subsection (e)(2)(A), not that the *location* is equivalent. The states would have no jurisdiction over interstate or foreign commerce crimes, nor of crimes on federally protected lands, so Gallenardo's reading makes no sense.

Gallenardo's prior state convictions for sexually abusing young male children are *conduct* that is equivalent to 18 U.S.C. Section 2241(c), had it occurred in Indian country. Therefore, his prior state convictions are a qualifying "state sex offense" as required by statute and thus Section 3559(e)'s lifetime sentence must be imposed.

Gallenardo also claims that since Section 2251 has its own recidivist provision, those contained in Section 3559(e) do not apply. However, the recidivist provisions in Section 2251 are narrower than those in Section 3559(e), requiring the conviction to relate to "sexual exploitation of children". By Gallenardo's own argument later in his

brief, he claims that his prior sex offenses did not involve "sexual exploitation of children", and thus Section 2251's recidivist provisions don't apply to him.

This identical issue was just decided by Federal District Judge Simpson in *United States v. Moore,* 2007 WL 2025191 (W.D.Ky 2007).  The defendant also argued that Section 2251's provisions should trump the harsher penalties found in Section 3359(e).  Judge Simpson noted the usual rule that when two statutes conflict and cannot be reconciled, the subsequent statutory provision prevails over the pre-existing one.  However, he noted the rule to be inapplicable, since Section 2251(e)'s penalty provisions and Section 3559(e)'s penalty provisions were enacted simultaneously as part of the PROTECT Act of 2004, Pub.L. No. 108-21, 117 State. 650.  Thus he framed the issue instead as: "if Congress has simultaneously enacted irreconcilable sentencing provisions applicable to the same offense, which applies?"

Citing to Second Circuit precedent, Judge Simpson held that if both conflicting provisions were enacted at the same time, the last in order or arrangement controls.  Judge Simpson then noted that Section 3559(e) was later in arrangement both in Title 18 of the Code, as well as in Pub.L.No. 108-21.  As such, Judge Simpson held that the mandatory life provision prevailed under that theory.  Finally, Judge Simpson also noted that Section 3559(e) would also prevail under the argument that the two sections were not enacted simultaneously, as Pub.L.No. 108-21 simply amended Section 2551's penalty provision by raising the mandatory minimum from 30 to 35 years, while Section 3559(e) was an entirely new subsection added.

Neither the rule of lenity nor the cannon of statutory interpretation of specific versus general interpretation apply here, especially given that Section 2551's recidivist

provisions don't apply as broadly by Gallenardo's own admission as do Section 3559(e).  It is completely clear that Congress enacted Section 3559(e) to ensure that repeat and dangerous pedophiles such as Gallenardo have no opportunity to get out of prison and victimize children once again.

William Gallenardo has preyed upon both male and female children, as well as other adults in society, for his entire adult life.  Even as he was doing "extremely well on supervision" by the state, he was sexually abusing LP and others, and even allowed himself to be photographed smoking marijuana out of a can flattened into a pipe.  He has never accepted responsibility for his actions and sexual offender treatment has obviously been a complete waste of time for him, given that he has repeatedly reoffended.  The United States recommends that Gallenardo be imprisoned for the rest of his life, pursuant to 18 U.S.C. Section 3559(e).

DATED this 15th day of October, 2007.


WILLIAM W. MERCER
United States Attorney


/s/ Marcia Hurd
MARCIA HURD
Assistant U.S. Attorney

Attorney for Plaintiff